

### IN THE
### TENTH COURT OF APPEALS

_____

## No. 10-19-00263-CR

**THE STATE OF TEXAS,**

Appellant

v.

**TAYLOR ANN RADKE,**

Appellee

_____

**From the County Court
Limestone County, Texas
Trial Court No. 39104**

## AND

## No. 10-19-00265-CR

**THE STATE OF TEXAS,**

Appellant

v.

**JONATHAN ADAM RIVERA,**

Appellee

_____

**From the County Court
Limestone County, Texas
Trial Court No. 39084**

# DISSENTING OPINION

There really is not much disagreement about the law or the evidence in this appeal. It is all about the standard of review and the application of the law to the evidence. Because the majority opinion sets out the law, I find it unnecessary to do that again in this dissenting opinion.

When the trial court grants a motion to suppress, that decision is entitled to the same deference as when the motion is denied.

I will first address the suppression of the statements of the defendants/appellees. In this instance, the trial court determined that the defendant's statements were the result of a custodial interrogation without having been given their *Miranda* warnings. I believe the record supports that determination. I certainly cannot determine that the trial court's implied determination to that effect is erroneous.

The seizure of the eight hydrocodone pills in a pill bottle that was located on the dresser/entertainment stand in a bedroom in the house to be searched is a closer call, but I still have to go with the officers on scene and the trial court judge. The officers were unsure if they would need an additional warrant to seize what they believed was contraband observed while executing the search warrant for bolt cutters and handcuffs, or parts of handcuffs. When, during the search, the officers found what appeared to be narcotics and other contraband, they contacted the district attorney to see if an additional warrant was needed to seize those items. This is where the record becomes less clear.

Other contraband besides the eight hydrocodone pills was observed during the

search pursuant to the warrant. It is unclear what suspected contraband had been located at the time of the conversation with the district attorney. It is also unclear if the officer having the conversation with the district attorney conveyed the full facts regarding the discovery of the pill bottle and ultimately its contents. The district attorney responded that an additional warrant was not needed, which could have been an entirely accurate response based upon the information provided. But the facts matter when it comes to the need for a search warrant of the contents of a container that is otherwise properly seized.

In the execution of the warrant for bolt cutters and handcuffs or parts thereof, the officers observed a pill bottle with a partially obliterated label. The experienced officers were immediately suspicious that it could contain contraband. The view of the evidence that seems to have been accepted and found to be true by the trial court is that the officers seized the pill bottle from its location and further examined it, manipulated it to enhance their view of the contents, and then opened it to confirm their suspicion. The question— like the one the officers had asked the district attorney— is whether they needed an additional warrant before they got that far. The trial court thought they did.

We know that the plain view doctrine will get an officer to a valid seizure of suspected contraband or containers in which evidence or contraband may be contained. It will not, however, authorize unlimited access to further search the container for contraband or to confirm that the container contains contraband. *See Arizona v. Hicks*, 480 U.S. 321, 324-28, 107 S. Ct. 1149, 1152-5494 L. Ed. 2d 347 (1987). The trial court made the ruling, based on the evidence at the suppression hearing, the arguments of counsel, and

his own research into the law, that the officers had exceeded the scope of the search pursuant to a valid warrant and, impliedly, the plain view doctrine that goes with it.  I cannot say that decision is unsupported by the evidence or an abuse of discretion.

Accordingly I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting opinion delivered and filed April 13, 2022